UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

DANIEL ROBERT FRARY,

    Plaintiff,

  v.

GREGORY J. AHERN,

    Defendant.

Case No. 22-cv-06058-WHO (PR)

**ORDER OF DISMISSAL**

## INTRODUCTION

Plaintiff Daniel Robert Frary alleges in his 42 U.S.C. § 1983 complaint that he was placed in the Santa Rita Jail multipurpose room without access to a toilet for four and half hours. However, his allegations do not contain sufficient facts showing a deprivation substantial enough to violate the Eighth Amendment. Furthermore, there is no indication he exhausted his administrative remedies before filing suit. Accordingly, this civil rights action is DISMISSED.

## DISCUSSION

### A. Standard of Review

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See id.* § 1915A(b)(1), (2). Pro se pleadings must be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

A "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial

1   plausibility when the plaintiff pleads factual content that allows the court to draw the
2   reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting
3   *Twombly*, 550 U.S. at 556). Furthermore, a court "is not required to accept legal
4   conclusions cast in the form of factual allegations if those conclusions cannot reasonably
5   be drawn from the facts alleged." *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754–55
6   (9th Cir. 1994).

7   To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential
8   elements: (1) that a right secured by the Constitution or laws of the United States was
9   violated, and (2) that the alleged violation was committed by a person acting under the
10  color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

### B. Legal Claims

Frary alleges that on July 28, 2022 he was placed in a multipurpose room at the Santa Rita Jail without toilet access or a place to sit from 9pm to 1:30am, some four and a half hours. (Compl., Dkt. No. at 2-3.) He states he tried to inform various unnamed deputies that he needed to use the bathroom, but no one responded. (*Id.*)

The complaint is insufficient. First, the defendants he names (Sheriff Ahern and Deputy Gaston) were not responsible. Ahern is the sheriff and had no direct participation in the actions described. There is no respondeat superior liability under § 1983, *see Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989), which means that a person is not automatically held responsible simply because he or she is a supervisor of an employee who commits a wrong. It is not enough that the supervisor merely has a supervisory relationship over the defendants; the plaintiff must show that the supervisor "participated in or directed the violations, or knew of the violations and failed to act to prevent them." *Id.* Furthermore, supervisor defendants are entitled to qualified immunity where the allegations against them are simply "bald" or "conclusory" because such allegations do not "plausibly" establish the supervisors' personal involvement in their subordinates' constitutional wrong. *Iqbal*, 556 U.S. at 675-82. Simply put, a person cannot be held liable for a constitutional violation under 42 U.S.C. § 1983 unless they were integral

participants in the unlawful conduct. *Keates v. Koile*, 883 F.3d 1228, 1241 (9th Cir. 2018). There is nothing in the complaint that establishes Ahern's personal knowledge or involvement.

Gaston simply had one of his deputies place Frary in the multipurpose room. (Compl., Dkt. No. 1 at 2-3.) There are no facts linking Gaston to the later alleged deprivation. Also, the actions of the unnamed deputies, who are the persons responsible here, amount at most to negligence or gross negligence, neither of which is actionable under section 1983. *Farmer v. Brennan*, 511 U.S. 825, 835-37 & n.4 (1994); *Estelle v. Gamble*, 429 U.S. 97, 104 (1976).

Furthermore, it is not clear that being denied access to a bathroom for four and half hours constitutes a sufficient deprivation under the Eighth Amendment. Substantial deprivations of shelter, food, drinking water or sanitation can be sufficiently serious to be actionable under the Eighth Amendment. *See Johnson v. Lewis*, 217 F.3d 726, 732-733 (9th Cir. 2000); *see Taylor v. Riojas, et al.*, 141 S. Ct. 52, 53-54 (2020) (2020) (per curiam) (four days in cell covered "nearly floor to ceiling, in massive amounts of feces: all over the floor, the ceiling, the window, the walls, and even packed inside the water faucet," followed by two days in "frigidly cold cell" with sewage on the floor and no bed or clothes such that plaintiff was "left to sleep naked in sewage" violates the Eighth Amendment); *Hearns v. Terhune*, 413 F.3d 1036, 1041-42 (9th Cir. 2005) (allegations of serious health hazards in disciplinary segregation yard for a period of nine months, including toilets that did not work, sinks that were rusted and stagnant pools of water infested with insects, and a lack of cold water even though the temperature in the prison yard exceeded 100 degrees, enough to state a claim of unconstitutional prison conditions); *Anderson v. County of Kern*, 45 F.3d 1310, 1314 (9th Cir. 1995) ("[A] lack of sanitation that is severe or prolonged can constitute an infliction of pain within the meaning of the Eighth Amendment."), *amended*, 75 F.3d 448 (9th Cir. 1995). While potentially unpleasant, plaintiff's allegations do not show a substantial deprivation.

1    Moreover, there is no indication Frary exhausted his administrative remedies prior to filing suit.  Prisoners must properly exhaust their administrative remedies before filing suit in federal court, as mandated by the Prison Litigation Reform Act (PLRA).  *Ross*, 578 U.S. at 635; *Woodford v. Ngo*, 548 U.S. 81, 93 (2006).  "No action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."  42 U.S.C. § 1997e(a).  A prisoner is required to exhaust the grievance procedures that are "capable of use" to obtain "some relief for the action complained of."  *Blake*, 578 U.S. at 642 (quoting *Booth*, 532 U.S. at 731).  Unless the administrative process is not available, "the PLRA's text suggests no limits on an inmate's obligation to exhaust —irrespective of any 'special circumstances.'"  *Id.* at 1856.  "[T]hat mandatory language means a court may not excuse a failure to exhaust."  *Id.*  The prison's requirements define the boundaries of proper exhaustion.  *Jones v. Bock*, 549 U.S. 199, 218 (2007).  Proper exhaustion requires using all steps of an administrative process and complying with "deadlines and other critical procedural rules."  *Ngo*, 548 U.S. at 90.  The exhaustion requirement cannot be satisfied "by filing an untimely or otherwise procedurally defective administrative grievance or appeal."  *Id.* at  84.

Accordingly, Frary's complaint will be dismissed for failure to state a claim for relief and for a failure to exhaust administrative remedies.

## CONCLUSION

This federal civil rights action is DISMISSED for failure to state a claim for relief and for a failure to exhaust administrative remedies.  The Clerk shall enter judgment in favor of defendants, and close the file.

**IT IS SO ORDERED.**

**Dated:**  March 15, 2023



WILLIAM H. ORRICK
United States District Judge